# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| PAUL WEST,<br>    Plaintiff,<br><br>v.<br><br>CITY OF HARTFORD,<br>    Defendant. | No. 3:16 CV 1636 (WWE) |

## MEMORANDUM OF DECISION ON SUMMARY JUDGMENT

In this action, plaintiff Paul West, who is an officer in the City of Hartford's Police Department, alleges that the City of Hartford discriminated against him based on his race and gender in violation of Title VII.

Defendant has filed a motion for summary judgment on plaintiff's complaint. For the following reasons, the motion for summary judgment will be granted.

## A. BACKGROUND

The parties have submitted statements of undisputed facts, exhibits and affidavits. These materials reflect the following factual background.

Plaintiff commenced employment as a police officer with the City of Hartford's Police Department in 2003. In 2014, plaintiff took the examination for promotion to Lieutenant. Pursuant to an agreement between defendant and The Hartford Police Union, the written examination and oral interview scores are combined at a rate of fifty percent each, and a final score with a corresponding rank is assigned to each candidate; additionally, veterans are allowed to use "veteran's point" to increase their final scores on promotional exams.

1

The promotional exam was administered by Booth Research Group, Inc. ("Booth"). A candidate must first pass a written examination with a score of at least 70 percent. The candidates who pass the written examination are invited to sit for an oral interview.

Plaintiff received a passing score of 74.050 on the written exam. After his interview, plaintiff received the raw score of 94.1667. Two different panels conducted the oral interviews, but each candidate only interviewed with one panel. Plaintiff interviewed with Panel One.

Booth scored the exam. Kelly McIntyre, Booth's Senior Managing Research Consultant, received the oral interview scores from the panels, standardized the scores from the panels, combined the scores and then restandardized the scores.

Plaintiff's oral interview score was calculated to be 94.1667. Plaintiff asserts that he was told by Councilman Kyle Anderson that he had placed first. However, defendant has submitted evidence showing that plaintiff was ranked second with his score of 94.1667.

McIntyre emailed the ranked scores to then-Director of Human Resources, Henry Burgos. McIntyre did not provide any oral interview scores to any other individual at the City of Hartford. Burgos also did not share the scores with anyone outside of the Human Resources Department.

The next day, McIntyre emailed Burgos to state that she thought the scores seemed odd and that she wanted to re-check them.

Dr. McIntyre recalculated the oral interview scores of each candidate and found

that she had made an error in calculating the scores of those individuals who interviewed with Panel One.  After her re-calculation, plaintiff had a final oral interview score of 90.7088, which placed him fourth on the interview rankings.  The scores and rankings of other candidates also changed.

Booth prepared only one final score, which ranked candidates based on the equal weight of the written examination and oral interview.  This final score used the updated oral interview scores, rather than the scores found to be erroneous.  With a final score of 82.3794, plaintiff ranked sixth.

In the first round of promotions, plaintiff was promoted to the position of Lieutenant.  Plaintiff now asserts that his ranking was manipulated to favor promotions of Hispanics and females.

## B.  DISCUSSION

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute.  American International Group, Inc. v. London American International Corp., 664 F. 2d 348, 351 (2d Cir. 1981).  In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper."  Bryant v. Maffucci, 923 F. 2d 979, 982 (2d Cir.), cert. denied, 502

U.S. 849 (1991).   The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute.   American International Group, Inc., 664 F.2d at 351.

If a nonmoving party has failed to make a sufficient showing on an essential element of his or her case with respect to which he or she has the burden of proof, then summary judgment is appropriate.   Celotex Corp., 477 U.S. at 323.   If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met.   Anderson, 477 U.S. at 249.

Disparate Treatment

Plaintiff alleges that his scores were recalculated and his ranking was reduced because of a discriminatory animus.   Specifically, plaintiff asserts that defendant sought to manipulate the rankings so that it could promote Hispanics and females. Plaintiff claims that his lower ranking resulted in his having less seniority in his Lieutenant position than he would have had if his score had not been recalculated.

The Court analyzes plaintiff's claims of disparate treatment and retaliation according to the burden shifting process established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973) and Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-56 (1981).

To establish his prima facie claim of discriminatory treatment, plaintiff must demonstrate that (1) he belongs to a protected class; (2) he was performing her duties satisfactorily; (3) he suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of

discrimination.  Although the plaintiff's initial burden is not onerous, he must show that the alleged adverse employment action was not made for legitimate reasons.  Thomas v. St. Francis Hosp. & Med. Ctr., 990 F. Supp. 81, 86 (D. Conn. 1998).

If the plaintiff establishes a prima facie case, the defendant must articulate a legitimate, non-discriminatory business reason for the alleged discriminatory action.  The plaintiff must then prove by a preponderance of the evidence that the supposed legitimate reason is actually a pretext for discrimination.  St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 515 (1993).  Plaintiff may raise an inference of discrimination by showing that his employer treated his less favorably than similarly situated employees outside his protected class for a similar offense.  Graham v. Long Island R.R., 230 F.3d 34, 39 (2d Cir. 2000).  However, in this context, plaintiff must demonstrate that these comparators are similarly situated in all material respects and have "engaged in comparable conduct."  Shumway v. United Parcel Service, Inc., 118 F.3d 60, 64 (2d Cir. 1997).

For purposes of ruling on this motion, the Court assumes that plaintiff has established his prima facie case of discrimination.  As a legitimate, non-discriminatory reason, defendant maintains that plaintiff's first ranking based on a score of 94.1667 was later modified because it was based on a calculation error.  Plaintiff has adduced no competent evidence indicating that this proffered reason is pretext for discriminatory animus.  Since no evidence establishes that defendant's proffered reason constitutes a pretext for discrimination, the Court will grant the motion for summary judgment in defendant's favor.

## C. CONCLUSION

For the foregoing reasons, the Motion for Summary Judgment [doc. 33] is GRANTED.   The Clerk is instructed to close this case.

Dated this 21st day of May, 2017 at Bridgeport, Connecticut.

    /s/ Warren W. Eginton
    WARREN W. EGINTON
    SENIOR UNITED STATES DISTRICT JUDGE